## SUMNER WHITNEY *vs.* CHARLES GORDON.

If a tenant at will, whose rent is payable quarterly, quit the premises on a quarter day, without giving three months' previous notice of his intention, he will be liable *prima facie* for another quarter's rent; and, in an action to recover therefor, the burden of proof will be on him to show, that the landlord had waived the notice, which would be a bar to the action, or that he had resumed the possession of the premises, under an agreement which discharged the tenant from further liability for rent.

THIS action, which was tried in the court of common pleas, before *Wells*, C. J., was brought to recover one quarter's rent, for the use and occupation of certain premises, from the 25th of December, 1845, to the 25th of March, 1846.

The premises, which had been occupied by the defendant, who was a physician, consisted of a suite of apartments, which the plaintiff had been accustomed, for a long time, to let to persons of the medical profession. Some of the rooms were occupied, at the same time, by a family, who took charge of the physician's rooms; and who, during the defendant's occupation, paid him rent therefor in money and services. The defendant, previous to the commencement of the quarter in question, had occupied the premises at a rent of $325 a year,

payable quarterly. The family above mentioned were in the rooms appropriated to them, when the defendant took possession.

At the expiration of the quarter ending December 25th, 1845, the defendant left the premises, without having given the plaintiff three months' notice of his intention. The family alluded to remained until the 25th of March, 1846; and the defendant left on the premises some articles of his furniture, with the intention of selling them to the next occupant. There was evidence tending to show, that a relative of the defendant's lodged in the premises one night after his departure; but it did not appear, that this was with the knowledge of the defendant.

It also appeared, that the plaintiff caused an advertisement, dated the 20th of December, 1845, and of which the following is a copy, to be published in a daily newspaper.

" To let, a small genteel house, situated No. 28 Winter Street, suitable for a physician or dentist, — the present occupant would like to retain the dwelling part and keep the other rooms in order as heretofore. Possession given January 1st. For particulars please inquire at the store, same building, or of Whitney & Whiston, 77 State Street. Dec. 20, e. o. p. 3 t."

The store referred to. was the plaintiff's.

A witness, called by the defendant, testified, that he saw the advertisement, and that, within three weeks after the defendant left, the witness applied to the plaintiff for the purpose of hiring the premises; that, being in want of sucn rooms, he was then willing to take them, at the rent for which they had been let to the defendant, namely, $325 a year; but that, on being informed that the rent demanded was $350, he declined taking them.

The defendant contended, that the demand of a higher rent than the defendant had paid, taken in connection with the advertisement, was, in the absence of an express authority from the defendant to make such a demand, conclusive evidence that the plaintiff had resumed possession of the premises, and was dealing with the same on his own behalf.

The plaintiff contended, that it was open to the jury to infer, from all the evidence in the case, that the plaintiff was

· acting as the agent of the defendant, in letting the premises; or, that it had been agreed between the parties, that the plaintiff should allow the defendant for whatever rent he might obtain for the occupation of the premises between December 25th, 1845, and March 25th, 1846.

The court instructed the jury, that in consequence of the neglect of the defendant to give the plaintiff notice of his intention to quit, the entire occupation of a part of the premises by the defendant's tenant, and other circumstances of a partial occupation of the residue, during the period for which the rent was demanded in this action, it became incumbent on the defendant to satisfy the jury, that an agreement had been made between him and the plaintiff, by which the defendant resumed possession of the premises, and discharged the defendant from any further obligation to pay rent; and that the evidence introduced by the defendant had a tendency to prove such agreement, but that it would not, if believed, legally bar the plaintiff from maintaining the present action.

The jury returned a verdict for the plaintiff, and the defendant excepted.

*J. C. Adams*, for the defendant.

*J. C. Park*, for the plaintiff.

SHAW, C. J.    This action was brought for a quarter's rent of premises formerly occupied by the defendant, and hired of the plaintiff, the defendant being tenant at will, and the rent payable quarterly.    It is stated, in the case, that the quarter terminated on the 25th of December, 1845, to which day the rent was paid; and that the defendant then left the premises without having given the plaintiff three months' notice of his intention to quit.    By the Rev. Sts. c. 60, § 26, a tenancy at will can only be determined by three months' notice; except in cases, where there is a failure to pay the rent, or, where, by agreement, the rent is payable at intervals of less than three months.    The defendant, in this case, not having given the notice required by law, was liable *prima facie* for the quarter's rent sued for.    The defence was, that the plaintiff had waived the three ·months' notice, and had accepted

a surrender of the premises. In regard to this point, evidence was introduced on both sides, as stated in the bill of exceptions.

The jury were instructed, that the want of notice by the defendant, and the entire occupation of a part of the premises by his tenant, and other circumstances of a partial occupation of the rest, during the period for which the rent was demanded, rendered it incumbent on the defendant to satisfy the jury, that an agreement had been made between him and the plaintiff, by which the plaintiff resumed possession of the premises, and discharged the defendant from any further obligation to pay rent. We think the instruction was correct, in stating that the defendant, having left without three months' notice, the burden of proof was on him to show, that the plaintiff had waived notice and resumed possession; and the fact that the defendant had left, and that the plaintiff had waived notice and resumed possession, would, in effect, amount to an agreement. But the assumption, that a part of the premises had been entirely occupied by the defendant's tenant, and that he had himself partially occupied the residue, during the quarter for which rent was claimed, seems to have been an assumption contrary to the evidence; or, at least, the evidence of the facts, so assumed, if material, should have been left to the jury. The announcement in the plaintiff's advertisement, that the occupant would like to continue, and make an arrangement with the incoming tenant, if one should offer, is evidence tending to show that such occupant continued there with the plaintiff's consent, and was therefore rather his tenant than the defendant's. So, as to the assumption, that the residue was partially occupied by the defendant; it must depend upon the proof, either that a relative of the defendant's lodged there, or that articles of furniture, likely to be useful to a physician, remained there. As to the former, it is expressly found, that it was not done with the knowledge and consent of the defendant, and was therefore the act of a mere stranger, which could not affect the defendant. As to the furniture, it might be useful to the defendant to leave it

23*

there, in order to sell it to the incoming tenant; and it might also be useful to the plaintiff, by attracting professional men to hire the premises. If material, these facts should have been left to the jury. We have already said, that, as to the burden of proof, the facts alluded to were not necessary to the decision; but, in regard to their bearing upon other parts of the case, the assumption of their truth, without submitting them to the jury, may have had a tendency to mislead.

The other part of the instruction was, that the evidence introduced by the defendant had a tendency to prove an agreement, on the part of the plaintiff, to waive notice and resume the possession; but that, if believed, it would not legally bar the plaintiff from maintaining the present action. We are of opinion, that this direction was not correct. The evidence, tending to prove the fact of a waiver of notice, if believed by the jury, and not controlled by other evidence, established a fact, which would be a bar to the action.

The meaning of the learned judge, who tried the cause, may, perhaps, be thus explained. The counsel for the defendant had insisted, that the advertisement, the demand of a higher rent, and the other circumstances in evidence, were conclusive evidence that the plaintiff had resumed the possession. The judge may have intended to instruct the jury, that this evidence, if believed, did not, of itself, and without the inference, to be drawn by them therefrom, of a waiver of notice and resumption of possession, operate as a legal bar to the suit. But if such were his meaning, we think it was not so understood by the jury. We are of opinion, further, that he should have submitted the evidence to the jury, with instructions, that it was a question of fact for them to decide, whether the plaintiff had waived notice and resumed possession; that the facts proved did not constitute a legal bar to the action; but if, upon all the evidence, the jury believed that the defendant had waived notice, and consented to resume possession of the premises, notwithstanding the want of notice, the action would be barred thereby; otherwise that the plaintiff, on the *prima facie* case, would

be entitled to recover. The exceptions are sustained, and a new trial ordered in the court of common pleas.